Argued September 10, affirmed December 16, 1976

# FIDANZO, *Respondent,*
## *v.*
# BAILEY et ux, *Appellants.*
## (No. 34-699, SC 24268)

556 P2d 1361

*P. Michael Strooband,* Portland, argued the cause for appellants. With him on the brief were Gary M. Galton and Galton & Popick, Portland.

*Roger F. Anderson,* Tigard, argued the cause for respondent. On the brief were Fred A. Anderson and Anderson, Dittman & Anderson, Tigard.

Before Denecke, Chief Justice, and Tongue, Bryson and Lent, Justices.

PER CURIAM.

**PER CURIAM.**

Plaintiff brought this suit to foreclose his mechanic's lien for landscaping services. The defendant homeowners contested the amount of the claim and claimed a setoff because of faulty workmanship. The defendants are dissatisfied with the decision on both aspects of their defense and appeal.

■ This is in equity; therefore, we try the suit de novo. However, the trial court's findings on issues in which the evidence is conflicting are persuasive.

■ The evidence in this case was conflicting on the issues of whether the parties had contracted for a firm price of $6,550, whether the reasonable value of plaintiff's services was $10,703, and whether defendants were entitled to an offset of $4,615 because of plaintiff's defective workmanship. The trial court found there was no firm price; that $10,703 was the reasonable value of plaintiff's services; and that the defendants were entitled to a set-off of $500 because of defective workmanship. The trial court's findings are persuasive and we, therefore, affirm the judgment of the trial court on these issues.

■ The trial court awarded plaintiff $2,200 as attorney fees. The parties stipulated that attorney fees could be fixed on the submission of time records; however, plaintiff also introduced expert testimony that a reasonable fee would be approximately $3,000. We find the award of $2,200 was reasonable.

■ Defendants also claim the trial court erred in permitting plaintiff to amend his prayer for attorney fees from $1,475 to $2,200 at the close of the evidence. The amendment was made to conform to the proof and was within the power of the trial court. ORS 16.390; *Cont. Plants v. Measured Mkt.,* 274 Or 621, 547 P2d 1368 (1976).

Affirmed.